IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RICKY DEE MCGREGORY, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 3:20-cv-539-DWD |
| | ) |
| MATTHEW MARSKE, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM & ORDER

**DUGAN, District Judge:**

Before the Court is Ricky Dee McGregory's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1) McGregory appears to have exhausted his administrative remedies regarding his claim that the Bureau of Prisons ("BOP") miscalculated his time served and now properly brings his claim as a petition pursuant to § 2241. *See Clemente v. Allen*, 120 F.3d 703, 705 (7th Cir. 1997). The petition is fully briefed and ripe for decision. (Docs. 1, 14 & 17) For the following reasons, the petition is due to be denied.

"A sentence to a term of imprisonment commences on the date the defendant is received in custody . . . ," 18 U.S.C. § 3585(a), and cannot begin prior to its imposition. *Short v. Revell*, 152 F. App'x 542, 544 (7th Cir. 2005). But a defendant receives credit for any time he has spent in detention prior to the commencement of his sentence, *unless that time is credited against another sentence*. 18 U.S.C. § 3585(b) (emphasis added); *Manuel v. Terris*, 803 F.3d 826, 828 (7th Cir. 2015) (holding that 18 U.S.C. § 3585(b) means that a

defendant cannot be credited for time already credited against a state court sentence).

On February 9, 2016, McGregory was arrested by state authorities on charges of possession of a controlled substance in Case No. 16AB-CR00208. (Doc. 14-1 at 1–2) He was held in the Franklin County Jail until March 15 and again from April 12 to April 28. (Doc. 14-1 at 49) He was released on bond on April 29. (Doc. 14-1 at 11) He was arrested again by state authorities on charges of possession of a controlled substance in Case No. 17AB-CR00435 and held in the Franklin County Jail from June 21 to July 1. (Doc. 14-1 at 13 & 49) On June 21, McGregory was sentenced in state court to a three-year term of imprisonment in Case No. 16AB-CR00208. (Doc. 14-1 at 9) On July 1, he was transferred to the Missouri Department of Corrections ("Missouri DOC") to begin serving his sentence in Case No. 16AB-CR00208, but he was credited with the 63 days served in the Franklin County Jail. (Doc. 14-1 at 45 & 49)

On March 2, 2018, McGregory was sentenced by Judge Fleissig of the United States District Court for the Eastern District of Missouri to a 78-month term of imprisonment. (Doc. 14-1 at 34) Judge Fleissig ordered that the sentence run concurrently with the sentence in Case No. 16AB-CR00208 but consecutively to any sentence that might issue in Case No. 17AB-CR00435. (Doc. 14-1 at 34) On May 22, 2018, McGregory was sentenced to a three-year term of imprisonment in Case No. 17AB-CR00435 to run concurrently with all sentences. (Doc. 14-1 at 50) On December 27, 2018, McGregory satisfied his state court term of incarceration and was released to federal custody to begin his federal sentence. (Doc. 14-1 at 3 & 42)

McGregory argues that he should be credited for all his time served from his arrest

in Case No. 16AB-CR00208 on February 9, 2016, to his transfer to federal custody on December 27, 2018. (Doc. 1 at 12) He largely relies on Judge Fleissig's instruction that his federal sentence run concurrently with the sentence in Case No. 16AB-CR00208. (Doc. 1 at 10–13) However, despite McGregory's interpretation of Judge Fleissig's sentence, he cannot receive credit for any time "credited against another sentence." 18 U.S.C. § 3585(b). According to the Missouri DOC records, all of McGregory's time served in the Franklin County Jail and in the Missouri DOC from February 9, 2016, to December 27, 2018, was credited against his state court sentences. Therefore, the BOP was correct to calculate his sentence as beginning on December 27, 2018, without credit for any prior time served.

For these reasons, McGregory's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 is DENIED. The petition is DISMISSED with prejudice. The Clerk of Court is directed to enter judgment in favor of Respondent.

**SO ORDERED.**

Dated: July 30, 2021

_____
DAVID W. DUGAN
United States District Judge